[Cite as *Rohde v. Ohio Dept. of Transp.*, 2011-Ohio-3955.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT N. ROHDE

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-12109-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

**{¶ 1}** Plaintiff, Robert Rohde, asserted that on August 11, 2010, he sustained substantial damage to his vehicle when he "encountered about 2 feet of flowing water from the center median" in a roadway construction area on Interstate 77 northbound, "just past the Brecksville Route 82 exit." Specifically, plaintiff related that "water was just flowing across the highway. The water was full of landscaping (debris), mostly hay. There was so much water it almost stopped my vehicle." Plaintiff stated that the damage to his vehicle is extensive, that hay is compacted into all areas, and that the vehicle is not drivable.

**{¶ 2}** Plaintiff submitted copies of photographs depicting various areas of the underside of his vehicle containing large amounts of hay or straw-like material. Plaintiff contended that the damage to his automobile was proximately caused by negligence on the part of defendant, Department of Transportation (DOT), in failing to maintain Interstate 77 free of debris during roadway construction. Consequently, plaintiff filed this complaint seeking to recover damages in the amount of $2,497.00 representing the estimated cost for automotive repair. Plaintiff paid the $25.00 filing fee.

**{¶ 3}** Defendant acknowledged that the area where plaintiff's described damage event occurred was located within the limits of a construction project under the control of DOT contractor, Kokosing Construction Company (Kokosing). Defendant explained that the particular construction project "dealt with grading, draining and paving with asphalt concrete * * * on I-77 between * * * state mileposts 148.98 to 155.55 in Cuyahoga County." All project work was to be performed by Kokosing in accordance with DOT mandated requirements and specifications and subject to DOT inspection approval. Defendant asserted that Kokosing, by contractual agreement, was responsible for maintaining the roadway within the construction project limits. Therefore, defendant argued that Kokosing is the proper party defendant in this action.

**{¶ 4}** Defendant implied that all duties, such as the duty to warn, the duty to maintain, the duty to inspect, and the duty to repair defects, were delegated when an independent contractor takes control over a particular roadway section. The duty of DOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. DOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. See *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Furthermore, despite defendant's contentions that DOT did not owe any duty in regard to the construction project, defendant was charged with a duty to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

**{¶ 5}** Alternatively, defendant denied that either DOT or Kokosing had any "notice of the hay debris on I-77 prior to plaintiff's incident." Defendant asserted that DOT records show no calls or complaints were received regarding the hay debris despite the fact "that this portion of I-77 has an average daily traffic volume of between 67,700 and 74,280."

**{¶ 6}** Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67

Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 7} Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to his vehicle was directly caused by construction activity of DOT's contractor on August 11, 2010.

{¶ 8} Defendant contended that plaintiff failed to offer sufficient evidence to prove his property damage was caused by negligent roadway maintenance. Additionally, defendant contended that plaintiff failed to produce evidence to establish that his damage was proximately caused by conduct attributable to DOT or Kokosing. Defendant submitted a daily job report from Kokosing which documents the crew started work at 7:00 p.m. on August 11, 2010, however the work was suspended due to heavy rains. The report states "rained out 8/11/10 at 11:30, cleaned debris from highway and 82 from rain." ODOT's Project Engineer, Scott Slack, also confirmed that on August 11, 2010, "[h]eavy rains tonight forced a total closure of NB I-77 from 11:30 p.m. to 12:10 a.m. to allow Kokosing to remove straw from curb grates and No. 8 cb in median north of Harris Road."

{¶ 9} Defendant submitted a copy of a written statement from Kokosing Project Superintendent, Kerry Hart, regarding the Kokosing work project on Interstate 77. Hart asserted that "1. ODOT/EPA requires (directs) us to protect cb's from silt w/silt fence. We did that. 2. ODOT/EPA requires (directs) us to seed and mulch (Straw) areas to prevent eroding. We did that. 3. We can not control the amount of rain that comes down or the fact that the rainfall cannot drain fast enough through the devices we are required to do by ODOT/EPA." Thus, defendant contended Kokosing "employees were following the instruction from ODOT/EPA by putting up the silt fences and lying down

the straw to prevent eroding. A heavy rain moved the hay which was not foreseen." Defendant maintained that it performed its duty in keeping the roadway reasonably safe for travel.

{¶ 10} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, 788 N.E. 2d 1088, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 11} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether DOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from unreasonable risk of harm is the precise duty owed by DOT to the traveling public under both normal traffic conditions and during highway construction projects. See, e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 12} Plaintiff, in the instant claim, suggested that the damage to his automobile was caused by the negligence of DOT's contractor in the presence of DOT's engineer. Defendant disputed plaintiff's allegation that his property damage was caused by negligent performance of roadway construction activities or negligent inspection.

{¶ 13} "If an injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending

circumstances, the injury is then the proximate result of the negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327. Plaintiff has failed to offer sufficient proof to establish that his property damage was caused by defendant or its agents breaching any duty of care in regard to roadway construction. Evidence available seems to point out that the construction operations were performed properly under DOT specifications. Plaintiff failed to prove that his damage was proximately caused by any negligent act or omission on the part of DOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Vanderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2005-09961-AD, 2006-Ohio-7163; *Shiffler v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-07183-AD, 2008-Ohio-1600, *Nesselhauf v. Ohio Dept. Of Transp.*, Ct. of Cl. No. 2008-11061-AD, 2009-Ohio-5107.



Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT N. ROHDE

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-12109-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

    Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Robert N. Rohde
6922 Chapel Hill Drive
Brecksville, Ohio 44141

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223

SJM/laa
4/7
Filed 4/27/11
Sent to S.C. reporter 8/10/11